NATIONAL LABOR RELATIONS BOARD
v. CONTINENTAL OIL CO.
No. 3879.

United States Court of Appeals
Tenth Circuit.
Jan. 6, 1950.

R. O. Wilson, Ponca City, Okl. (Harold Skinner, Holdenville, Okl., was with him on the brief), for Respondent.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a proceeding by the National Labor Relations Board[1] pursuant to Section 10(e) of the National Labor Relations Act as amended, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., for the enforcement of its order against the Continental Oil Company.[2] No question is raised as to the court's jurisdiction. The board found that the company was guilty of unfair labor practice by refusing to bargain collectively with The Independent Oil Workers' Union of Oklahoma[3] which had been designated by the board as the exclusive bargaining representative for the employees within an appropriate unit. The board ordered the company to cease and desist from the unfair labor practice; to bargain collectively with the union upon request; and to post appropriate notices. For the purpose of obtaining this review the company refused to comply with the order.

On November 8, 1946, the union filed with the board, pursuant to Section 9 of the Act, a petition for certification as the bargaining representative for all office and clerical employees in the Company's Ponca City refinery. The usual representation proceedings were had, following which, the board designated the nonsupervisory and nonconfidential office and clerical employees within the company refinery at Ponca City, Oklahoma, an appropriate unit for collective bargaining and directed an election. The union was successful in the election conducted by the board, and on October 20, 1947, it was certified as the exclusive collective bargaining representative for such office and clerical employees. No objections were filed to the election. On December 22, 1947, and at all times thereafter, the company declined to bargain with the union on the grounds that

Robert E. Mullin, Washington, D. C. (David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Frederick U. Reel, Washington, D. C., and Albert Gore, Washington, D. C., on the brief), for Petitioner.

1. Herein called the board.

2. Herein called the company.

3. Herein called the union.

the board's unit determination was improper. Pursuant to Section 10(b) of the Act, the union filed charges with the board which issued its complaint alleging that the company had refused to bargain collectively in violation of the Act. The company filed an answer to the complaint in which it reasserted its contention that the unit found by the board was not an appropriate unit and requested that the board reconsider its decision in the representation proceedings. A hearing was conducted by the board on April 26, 1948, following which it found in accordance with the previous determination and entered the aforesaid cease and desist order.

The company contends that the finding of the board in the representation proceedings that the union was an appropriate unit within the meaning of the Act, is not sustained by substantial evidence. It states its position to be "that the only appropriate bargaining unit to be set up with respect to its clerical employees at Ponca City is an all-inclusive unit embracing all eligible clerks in such office." The company has maintained throughout the entire proceeding that the appropriate unit should include the office and clerical employees in the main office building as well as those in the refinery.

Section 9(b) confers upon the board broad discretion in determining an appropriate unit. Its findings, "if supported by substantial evidence on the record considered as a whole shall be conclusive." [4] Proof upon which the board made its findings is in the main, undisputed. The general office of the company, together with one of its refineries, is located at Ponca City, Oklahoma. It also maintains and operates similar refineries in other states in which it manufactures products from crude oil. The general office building is situated beyond the limits of a high steel fence which encloses the refinery at Ponca City. The personnel of the general office maintains supervision and control over all

its refineries and related facilities and the entire business of the company including the sale and distribution of its manufactured products throughout the United States. The bargaining unit sought by the union in its petition for certification included approximately 58 office and clerical employees located in different departments within the refinery proper. This number constituted about ten per cent of the office and clerical employees in the general office and in the refinery. The work performed by the union employees relates to the operations of the Ponca City Refinery which includes the collection and tabulation of data on plant yields, costs, expenditures and the performance of miscellaneous clerical tasks essential to the operation of a refinery. There is a single employment agency in the general office which screens new applicants for employment in the general office and the refinery, but the actual employment of help in the refinery is made by the refinery supervisory personnel. The interchange of office and clerical help between the general office and the refinery has been temporary and limited.

The working conditions of the refinery employees are quite different from those in the general office. Their dress requirements are not the same and they often work with employees who are engaged in the actual operation and maintenance of the manufacturing machinery. In many instances this is considered more hazardous than in the general offices. Clearly, upon the record as a whole, there is substantial evidence to sustain the board's finding that the plant office and clerical employees is an appropriate unit for collective bargaining purposes.

It is well settled that the board's determination of the appropriateness of the unit will not be set aside by the reviewing court unless such finding is arbitrary or capricious.[5] In selecting an appropriate unit, its discretion is limited only by the re-

4. 29 U.S.C.A. § 160(e).
5. Pittsburgh Plate Glass Co. v. N. L. R. B., 8 Cir., 113 F.2d 698, 701, affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251; May Department Stores Co. v.

N. L. R. B., 326 U.S. 376, 380, 66 S.Ct. 203, 90 L.Ed. 145; N. L. R. B. v. Hearst Publications, Inc., 322 U.S. 111, 134, 64 S.Ct. 851, 88 L.Ed. 1170; Marlin-Rockwell Corp. v. N. L. R. B., 2 Cir., 116

quirement that it be an "employer unit, craft unit, plant unit, or a subdivision thereof." [6]

In National Labor Relations Board v. Armour & Co., 10 Cir., 154 F.2d 570, 169 A.L.R. 421, this court recognized the right of a cohesive group of plant clerks to organize into a separate union and to be designated as an appropriate unit to represent its members in collective bargaining. See also: N.L.R.B. v. Swift & Co., 3 Cir., 162 F.2d 575, 581; Foote Bros. Gear & Machine Corp. v. N.L.R.B., 7 Cir., 114 F. 2d 611, 623.

Respondent argues that the change in congressional attitude on labor matters as evidenced by the Taft-Hartley Act[7] should be recognized. It is pointed out that the scope of judicial review of the board's decisions has been enlarged. Section 10(b) of the National Labor Relations Act provided: "The rules of evidence prevailing in courts of law and of equity shall not be controlling." In the amendment this provision was written to read: "Any such proceeding shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States * * *." Section 10 (e) of the old Act stated: "The findings of the Board as to the facts, if supported by evidence, shall be conclusive." This last provision was changed by the 1947 amendment to read: "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." Other than these changes, the law relating to enforcement and review remains the same.

■ By these changes Congress may have intended to broaden the scope of judicial review and confer power upon the courts to review the board's findings of fact as well as conclusions of law. If it had such an intent, it failed in the result. The amendments limit the review to a determination as to whether or not, considering the record as a whole, there is substantial evidence to sustain the finding. So far as review is concerned, this leaves us in the same status as before the amendments. The courts then required the finding to be supported by substantial evidence. Packard Motor Car Co. v. N.L.R.B., 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040. In Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126, the court said: "We agree that the statute, in providing 'that the findings of the Board as to the facts, if supported by evidence, shall be conclusive', means supported by substantial evidence." The scope of review by the courts since the amendments is carefully discussed by Chief Judge Parker speaking for the Court of Appeals of the Fourth Circuit in Eastern Coal Corp. v. N.L.R.B., 176 F.2d 131.

■ Paragraph 1(b) of the cease and desist order restrains the company from "Interfering in any other manner with the efforts of The Independent Oil Workers' Union of Oklahoma to negotiate for, or to represent, the employees in the aforesaid bargaining unit as their exclusive bargaining agent." The company complains that this portion of the order is too broad and is not within the issues created in the proceeding. It is true that the only matter considered by the board was the appropriateness of the unit for the purpose of collective bargaining. The portion of the order objected to restrains the company only from interfering with the union in its attempts to represent and negotiate for the employees in the unit as their collective

F.2d 586, 587, certiorari denied, 313 U.S. 594, 61 S.Ct. 1116, 85 L.Ed. 1548; N. L. R. B. v. Botany Worsted Mills, 3 Cir., 133 F.2d 876, 880, certiorari denied, Botany Worsted Mills v. N. L. R. B., 319 U.S. 751, 63 S.Ct. 1164, 87 L.Ed. 1705; N. L. R. B. v. Clarksburg Publishing Co., 4 Cir., 120 F.2d 976, 980; N. L. R. B. v. Gulf Public Service Co., 5 Cir., 116 F.2d 852, 855; N. L. R. B. v.

Salant & Salant, Inc., 6 Cir., 171 F.2d 292, 293; N. L. R. B. v. Chicago Apparatus Co., 7 Cir., 116 F.2d 753, 755; N. L. R. B. v. Sunshine Mining Co., 9 Cir., 110 F.2d 780, 789.

6. 29 U.S.C.A. § 159 (b).

7. Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. §§ 151–167.

bargaining agent. The objection is not well taken.

No error appearing in the record, the enforcement order will be entered.