**NATIONAL LABOR RELATIONS BOARD**

v.

**AMERICAN STEEL BUCK CORPORATION.**

**No. 50, Docket 23577.**

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1955.

Decided Dec. 1, 1955.

Theophil C. Kammholz, David P. Findling, Marcel Mallet-Prevost, Elizabeth W. Weston and Rose Mary Filipowicz, Washington, D. C., for petitioner.

Raphael, Searles, Levin & Vischi, New York City (Sidney O. Raphael, New York City, of counsel), for respondent.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

As the facts are fully stated in the Board's decision, reported in 110 N.L. R.B. No. 265, we shall not repeat them in detail.

Respondent is, and has been, a member of an employers' association which, for some years, had bargained as a unit with various unions representing the maintenance employees, the employees engaged in the production of tin-clad doors, and the truck-driver employees of all the members of the association. However, the association has never represented its membership in bargaining which related to technical employees.

In April 1953, the Architectural & Engineering Guild, Local 66, American Federation of Technical Engineers, American Federation of Labor (hereinafter referred to as the Union) filed with the Board a petition under § 9(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C.A. § 159 (c), for a certificate as the exclusive bargaining representative of a unit limited to respondent's technical employees. After a representation hearing, the Board found that the respondent's technical employees constituted an

appropriate unit and directed an election. At the hearing, respondent had full opportunity to offer evidence in support of its contention that, because of the past history of association-wide bargaining with regard to employees other than technical employees, the only appropriate unit for technical employees was an association-wide unit. In its opinion, after stating that the history of multi-employer bargaining related only to employees other than the technical employees, the Board held that " * * * the foregoing pattern of multi-employer bargaining does not preclude a finding that the single employer-unit of technical employees sought herein is appropriate. Fireboard Products, Inc., San Joaquin Division, 102 N.L.R.B. No. 43; cf. Joseph Seagram & Sons, Inc., 101 N.L.R.B. No. 37."

An election was held on August 20, 1953, at which the respondent's technical employees chose the Union as their exclusive bargaining representative, and the Regional Director issued a report recommending that the Union be certified. The Board followed the Regional Director's recommendation and so certified the Union as exclusive bargaining representative for respondent's technical employees.

The respondent refused to bargain with the certified Union which filed charges with the Board that respondent was engaging in unfair labor practices. The Board issued a complaint on this charge, and the trial examiner found against respondent. The Board adopted his findings and decided respondent had engaged in the charged unfair labor practices.

■ Respondent complains that, at the hearing on this charge, the trial examiner had excluded evidence offered by respondent, bearing on its contention that only the larger unit was the appropriate unit. The trial examiner found that the offered evidence presented facts which were before the Board in the previous representation proceedings. We see no error; respondent was not entitled to a second opportunity to introduce evidence on that issue. Pittsburgh Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 162, 61 S.Ct. 908, 85 L. Ed. 1251.

■ Nor did the examiner err in excluding evidence that, at the time of the asserted unfair labor practice, the Union no longer represented a majority of employees in the certified unit. For the Union was certified in December 1953, and the unfair practice began within a year from that date, or in January 1954. Brooks v. N. L. R. B., 348 U.S. 96, 75 S.Ct. 176; N. L. R. B. v. Henry Heide, Inc., 2 Cir., 219 F.2d 46, 47–48, certiorari denied 349 U.S. 952, 75 S.Ct. 881.

■ Finally, we reject respondent's contention that the previous history of bargaining between the association and the unions representing nontechnical employees on an association-wide basis rendered erroneous the Board's determination that the employees in question constituted an appropriate unit. The record, as a whole, amply supports the Board's findings of fact. The Board's conclusion, based on those findings, was within its discretion. In matters of this sort, the courts must accept the Board's exercise of discretion unless it is "abused," and there was no "abuse" here. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 491–492, 67 S.Ct. 789, 91 L.Ed. 1040; N. L. R. B. v. National Broadcasting Co., Inc., 2 Cir., 150 F.2d 895, 898; N. L. R. B. v. Grace Co., 8 Cir., 184 F.2d 126, 129; Mueller Brass Co. v. N. L. R. B., 86 U.S.App.D.C. 153, 180 F.2d 402, 405.

Respondent urges that the Board here departed from the rationale of its previous decisions. Even so, the Board acted within § 9(b) which calls for a decision "in each case". Moreover, all the cases on this issue cited by respondent, with the exception of Blue Ribbon Products Co., 106 N.L.R.B. 562, preceded Joseph E. Seagram & Sons, Inc., 101 N.L.R.B. 101, 103, cited by the Board; insofar as they differ, they may be said to be overruled by it; and the

Blue Ribbon Products case does not support respondent since it involved an employee group which had a fifteen-year history of multi-employer bargaining.

Enforcement granted.