The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 7029.

United States Court of Appeals Tenth Circuit.

Dec. 6, 1962.

G. M. Westa, of Akolt, Turnquist, Shepherd & Dick, Denver, Colo. (Carl F. Eiberger, Denver, Colo., on the brief), for petitioner.

Herman M. Levy, Attorney, N. L. R. B., Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli and Marcel Mallet-Prevost, Asst. Gen. Counsel, and James C. Paras, Attorney, N. L. R. B., Washington, D. C., on the brief), for respondent.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

In a representation proceeding, the National Labor Relations Board found that all janitors, building mechanics and garage attendants employed by the Mountain States Telephone and Telegraph Company in its plant department at Billings, Montana, constituted an appropriate unit for collective bargaining within the meaning of the National Labor Relations Act, 61 Stat. 136 (1947), as amended, 29 U.S.C.A. §§ 151–168. After a Board-supervised election, the International Brotherhood of Electrical Workers, Local No. 532, was certified as the unit's exclusive bargaining representative. For the purpose of testing the Board's determination that this bargaining unit was appropriate, the company refused to bargain with the union, and an unfair labor practice charge was lodged against it. This latter proceeding culminated in the entry of an order requiring the company to cease and desist from such unfair labor practices, and to bargain with the union. The sole issue presented here is the validity of the Board's determination that the unit was an appropriate one within the meaning of the Act. The facts, upon which the Board's final order was entered, are stipulated or are undisputed.

The company is a fully integrated public utility providing general telephone and other communications services in the states of Arizona, Colorado, Idaho, Montana, New Mexico, Utah, Wyoming, and El Paso County, Texas, with its central

office in Denver, Colorado. In conducting its business throughout the area the company is divided into four separate operating departments which are designated as the plant, traffic, commercial and engineering departments. These departments are similarly organized in the different states in which the company operates, and there is a department head for each department in every state. Each department has a general personnel manager at the company's central office in Denver, Colorado, so that the application and administration of personnel policies will be uniform in all departments. The plant department is concerned with the installation, maintenance and operation of the physical properties which are used in the company's operations.

The State of Montana is divided into five districts, each embracing several exchanges, and Billings is the headquarters for the Billings district. Of the fifty separate exchanges in Montana where plant department employees are employed, twelve are located in the Billings district. The employees included in the unit in question here are in the plant department, and constitute all such employees in the Billings exchange area. They work in four different buildings in the city of Billings, and are supervised by a building foreman who has no other employees under him, and who reports to the central office foreman in charge of the Billings central office. Ordinarily these employees are not interchanged with employees in other exchanges of the employer. Excluding supervisory and confidential employees, the plant employees in Montana are represented by

labor organizations except for 132 employees, including those involved in this proceeding.[1] These unrepresented employees are principally stenographers, typists, clerks, janitors, garage attendants, building attendants and utility men.

In a number of cases involving integrated telephone companies, the Board has stated that, because of the high degree of integration, the similarity of employment conditions throughout the system, and the centralized control of personnel policies, systemwide units are normally most appropriate for the purpose of collective bargaining, and best serve the public interest. E. g., Southwestern Bell Tel. Co., 108 N.L.R.B. 1106; Two States Tel. Co., 90 N.L.R.B. 2008; New England Tel. & Tel. Co., 90 N.L.R.B. 639; Ohio Bell Tel. Co., 87 N.L.R.B. 1555; Southwestern Associated Tel. Co., 76 N.L.R.B. 1105. The company argues that the Board's finding in this proceeding that ten employees in one department of a single exchange in one state, with no prior history of collective bargaining, constitute an appropriate bargaining unit is a complete repudiation of its announced policy in telephone utility cases, and is, therefore, arbitrary and capricious.

▇ Section 9(b) of the Act provides that "the Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof; * * *." The courts have uniformly held that the Board has broad discretionary powers in determin-

1. The decision of the Regional Director of the N. L. R. B. uses this language:

"Historically, the Employer does not have systemwide units in any of its departments in the State of Montana. Moreover, while there is a statewide unit in the plant department, it is not, as noted above, departmentwide in scope. Also, the considerations which lead the Board to favor systemwide units in the telephone industry probably have less bearing upon janitors as a group than upon any other employee group of a telephone company, because the nature of janitorial work is essentially unrelated to the communication service which such a company performs, and because the associations of janitors with other areas of the Employer or employees in other areas are necessarily limited. Finally, no other union is seeking a larger unit of the residual group in the plant department."

ing appropriate units contemplated by the Act, and that such a determination by the Board will be disturbed only when it is so unreasonable and arbitrary as to exceed its power. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040; May Dep't. Stores Co. v. N. L. R. B., 326 U.S. 376, 380, 66 S.Ct. 203, 90 L.Ed. 145; N. L. R. B. v. Hearst Publications, Inc., 322 U.S. 111, 134, 64 S.Ct. 851, 88 L.Ed. 1170; N. L. R. B. v. Weyerhaeuser Co., 7 Cir., 276 F.2d 865, cert. denied 364 U.S. 879, 81 S.Ct. 168, 5 L.Ed.2d 102; N. L. R. B. v. J. W. Rex Co., 3 Cir., 243 F.2d 356; N. L. R. B. v. American Steel Buck Corp., 2 Cir., 227 F.2d 927. This court stated in N. L. R. B. v. Continental Oil Co., 10 Cir., 179 F.2d 552, 554:

"It is well settled that the board's determination of the appropriateness of the unit will not be set aside by the reviewing court unless such finding is arbitrary or capricious. * * *" (Footnote omitted.)

In N. L. R. B. v. Stanolind Oil & Gas Co., 10 Cir., 208 F.2d 239, 242, we rejected an argument similar to the one made here, and said:

"Stanolind contends that functional integration and centralized management found only in its defined geographical divisions are the rationally acceptable factors for determining the bargaining unit. And pointing to the Board's historical acceptance of these factors in the determination of appropriate bargaining units, it earnestly insists that the Board cannot ignore them in this case. See the Sixteenth (1951) and Seventeenth (1952) Annual Reports of the Board enumerating principal factors considered by the Board in cases of this kind.

"But, in determining Stanolind's plant employees to be an appropriate unit, the Board relied upon other determining factors which it has likewise utilized in these cases. The Board found the plant employees to be a relatively stable, integrated, cohesive group, with distinctive work functions, separate supervision from the field employees, with different employment and working conditions; that the plant partook of the nature of a manufacturing plant; and that there was little interchange of employees between the field and the plant except in emergencies. In addition, the Board noted that there had been no bargaining for employees of the Rocky Mountain Division, and no other unit sought to represent the division-wide unit."

The record establishes that the designated unit is a functioning, distinct and separate operation of a group of unrepresented employees who work in a single geographical location. Their interests, which are common to the usual unit of building maintenance employees, are generally different from those of other employees of the company. They are considered low scale labor, requiring little training to suit them for their jobs, and they have little, if any, effect upon the service furnished the public. Even though it is desirable, particularly in a highly integrated public utility like a telephone company, that employees have systemwide or departmentwide representation, still it is the function of the Board, not the courts, to make the determination. By statute the Board is required to consider and decide each case, and its determination may be overruled only when its action is arbitrary or capricious. While it may appear in cases like this that it would be more satisfactory to avoid designating as an appropriate bargaining unit so few of the company's employees, if the Board, under the facts, sees fit to do so, its action is not necessarily arbitrary or capricious.

The petition for review is dismissed and the order will be enforced.