NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

GOLD SPOT DAIRY, INC., Respondent.

No. 597–69.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1970.

John Burgoyne, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Stanley J. Brown, Atty., N.L.R.B., were with him on the brief) for petitioner.

Frank Carter, Enid, Okl. (Stephen Jones and Otjen & Carter, Enid, Okl., of counsel, were with him on the brief) for respondent.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The National Labor Relations Board has petitioned for the enforcement of its order entered upon a finding that respondent Gold Spot Dairy, Inc., violated § 8(a) (5) and (1) of the National Labor Relations Act as amended, 29 U.S.C. § 158(a) (5) and (1), by refusing to bargain. The Board decision and order are reported at 173 NLRB No. 151.

The Company operates a dairy in Oklahoma. Milk and eggs are picked up from farms, processed, and delivered to wholesale and retail customers. The International Association of Machinists and Aerospace Workers, AFL-CIO, requested a bargaining unit of production and maintenance workers except driver-salesmen, fieldmen, and fountain workers. The Company asked that the unit consist of all employees, including those of a wholly owned subsidiary, Western Dairy Supply. After a hearing, the Regional Director sustained the Union position except as to the fountain workers who were put in the unit. The Com-

pany's petition for review of the Director's decision was denied by the Board. The election went against the Union and it filed objections to Company conduct allegedly affecting the outcome. After conducting an investigation, the Director, without any hearing, sustained four of the objections and required another election. The Company's request for review was denied as to three objections and the Board found it unnecessary to consider the fourth.

The second election went in favor of the Union. The Company filed objections which were denied by the Director after an investigation but without a hearing. The Board denied a Company request for review. The Company subsequently refused to bargain; the Union filed an appropriate charge; and the Company answered by admitting the refusal to bargain but denying any unfair labor practice. After the General Counsel moved for judgment on the pleadings, the Examiner issued a show cause order to which the Company filed a response. The Examiner granted judgment on the pleadings and the Board sustained his decision.

■■ The Company argues that the Director erred in excluding from the unit the retail and wholesale drivers, the fieldmen, and the employees of Western Dairy Supply. Section 9(b) of the Act vests in the Board a wide discretion, and its decision as to the appropriate bargaining unit will be set aside only upon a showing that it is capricious or arbitrary. National Labor Relations Board v. Dewey Portland Cement Company, 10 Cir., 336 F.2d 117, 119, and National Labor Relations Board v. Groendyke Transport, Inc., 10 Cir., 372 F.2d 137, 140. Under § 3(b), the Board can delegate its unit determination functions to the regional directors, and the decisions of the latter, if not set aside by the Board, are entitled to the same weight as a Board decision. See Meyer Dairy, Inc. v. National Labor Relations Board, 10 Cir., 429 F.2d 697, and National Labor Relations Board v. Magnesium Casting Company, 1 Cir., 427 F.2d 114.

■ The Director's finding that the fieldmen were supervisors within the meaning of § 2(11) of the Act is sustained by substantial evidence and the resulting exclusion was proper. See, e.g., National Labor Relations Board v. Corral Sportswear Co., 10 Cir., 383 F.2d 961, 963–964.

The Company argues that the exclusion of the retail and wholesale drivers was contrary to Board policy and arbitrary. It emphasizes the integrated nature of the operation, the availability of the same benefits, and the community of interest between the driver-salesmen and the other employees. We understand Board policy to be that where driver-salesmen are essentially salesmen and their inclusion is not sought by the petitioner, they should not be included within a production and maintenance unit. See Plaza Provision Company, 134 NLRB 910, and E. H. Koester Bakery Co., Inc., 136 NLRB 1006. The record shows that the retail and wholesale drivers work different hours than other employees, spend most of their time away from the plant, are paid on a commission basis, and perform the functions of driving trucks and selling the Company's products.

This case is not like Alta-Dena Dairy, 150 NLRB 1537, relied on by the Company. There the parties agreed that wholesale and retail drivers should be included in the bargaining unit and the Board upheld the inclusion. If the union had opposed the inclusion, as it does here, the Board might well have found that a unit without these employees was appropriate.

■ The Board's obligation in representation proceedings is to designate an appropriate unit. A unit might well be appropriate, and its designation entitled to be upheld, irrespective of whether a certain group of employees was included or excluded. There may be more than one appropriate unit, but so long as the unit designated is appropriate, it will withstand challenge. See Wheeler-Van Label Company v. National Labor

Relations Board, 2 Cir., 408 F.2d 613, 616–617, cert. denied 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84, and National Labor Relations Board v. Western and Southern Life Insurance Company, 3 Cir., 391 F.2d 119, 122. In the case at bar, the record convinces us that the exclusion of the wholesale and retail drivers was neither arbitrary nor capricious.

The unfair labor practice stage of the case presents complications. Basically the Company contends that it was deprived of any hearing as to the objections of the Union to the first election, the objections of the Company to the second election, or the disposition of the unfair labor practice charges on a motion for judgment on the pleadings.

The elections were held pursuant to direction rather than consent. The Regulations require, 29 CFR § 102.69(c), that the Director investigate objections and issue a report, which would be sent to the Board, or make the decision himself. In either event, the action could be based on an administrative investigation or "if it appears to the regional director that substantial and material factual issues exist which can be resolved only after a hearing, he shall issue and cause to be served on the parties a notice of hearing on said issues before a hearing officer." This provision has been held to require a hearing only if substantial and material factual issues exist. Sonoco Products Company v. National Labor Relations Board, 9 Cir., 399 F.2d 835, 839.

The Union filed objections to the first election and the Examiner sustained four of them. He made a decision rather than a report and directed a second election. As permitted by the Regulations, 29 CFR § 102.67(b), the Company filed a petition for Board review which was summarily denied on the ground that "it raises no substantial issues warranting review."

The Company contends that the objections of the Union should not have been considered because they were untimely filed. This contention was first raised in the unfair labor practice stage and may itself be untimely. In any

event, it is without merit. The Regulations, 29 CFR § 102.69(a), provide that the objections must be filed within 5 days after the tally of ballots is furnished. Where the time allowed for the doing of an act is less than 7 days, Sundays are not counted. § 102.114(a). Because there was an intervening Sunday, the objections were filed in time.

The Company urges that it was entitled to a hearing on the Union's objections. The Regulations make no specific provision for a non-objector to initially present its position to the Director. The Director makes an investigation and acts thereon. If he makes a report, exceptions may be taken thereto which could raise factual issues requiring a hearing. When the Director decides rather than reports, the only recourse is to the Board. If the Director sustains the objections, the non-objector is left in an anomalous position. It would seem that the non-objector should have some opportunity to present factual issues to the Director and have a hearing thereon.

■ We leave the procedural problem to the Board because in the case at bar we are convinced that there is no genuine issue as to any material fact with respect to the three Union objections which were sustained by the Director and subsequently upheld by the Board. The thrust of the Company's petition for Board review is against the legal conclusions to be drawn from the pertinent facts. It is noteworthy that in its petition the Company did not ask for a hearing. The petition did not satisfy the requirements of § 102.67. We agree with the Board that it raised no substantial issues warranting review.

With regard to the Director's decision on the second election, the Company objections related to the validity, and effect on the election, of Union campaign material. There was no dispute over the contents of the material. All the Director had to decide was whether the material required that the election be set aside. The Company claims that the material contained misrepresentations which in-

hibited a free choice and affected the election outcome. The Director found that the material was permissible propaganda. Board policy in this area is to set aside elections only when there has been a misrepresentation of material fact made by a party having special knowledge and at a time when the other party has insufficient opportunity to set the facts straight. Hollywood Ceramics Co., 140 NLRB 221, 224; see also Linn v. United Plant Guard Workers, 383 U.S. 53, 60–61, 86 S.Ct. 657, 15 L.Ed.2d 582. Tested by these standards, only one piece of campaign material need be discussed.

 On the day before the election the Union distributed a letter stating the wages received by a unionized Oklahoma dairy. Included therein was a statement relating to the egg and cheese department. The dairy referred to did not have an egg and cheese department. The thrust of the Union statement was that the employees of the mentioned dairy were paid more than Company employees. The correctness of this statement is not challenged. We agree with the Director that the trivial misstatement regarding the non-existent egg and cheese department cannot be labeled a material misrepresentation likely to affect the outcome of the election. See, e.g., Follett Corporation v. National Labor Relations Board, 7 Cir., 397 F.2d 91, 95, and National Labor Relations Board v. Allen Manufacturing Company, 6 Cir., 364 F.2d 814, 816. In our opinion the Company objections to the second election were properly denied.

 The unfair labor practice charge was disposed of, adversely to the Company, by a judgment on the pleadings. The Company argues that it was entitled to a hearing. The objections to the two elections were adjudicated in the representation hearings and are not relitigable in the absence of newly discovered or previously unavailable evidence. See National Labor Relations Board v. Magnesium Casting Company, supra, and Nation-

al Labor Relations Board v. Air Control Products of St. Petersburg, Inc., 5 Cir., 335 F.2d 245, 251.

In its response to the order to show cause why judgment should not be granted on the pleadings, the Company said that at a hearing it would produce drivers who would testify "that it is their wish and desire to become a part of said unit." The Company also alleged that "at the original representation hearing, said testimony was not available and could not have been obtained by this employer with the exercise of reasonable diligence."

 We have held that the desires of employees are relevant and should be taken into account by the Board in its determination of an appropriate unit. National Labor Relations Board v. Ideal Laundry and Dry Cleaning Co., 10 Cir., 330 F.2d 712, 717; contra, Retail, Wholesale, and Department Store Union, AFL-CIO, 128 U.S.App.D.C. 41, 385 F.2d 301, 307. In National Labor Relations Board v. Dewey Portland Cement Company, 10 Cir., 336 F.2d 117, 119–120, we considered a situation where at the unfair labor practice hearing the Board rejected a specific offer of proof which included the desires of certain employees. This offer of proof was deemed admitted for purposes of appellate review, and we upheld the Board's designation of the unit. In the case at bar, the evidence was not offered at the representation hearing, nor was there a showing in the unfair labor practice case, by affidavit or otherwise, of either the substance of the testimony or the facts relating to its previous unavailability. The conclusory allegations are insufficient to sustain reliance on the rule announced in Ideal. Cf. Rule 56(e), F.R.Civ.P. The Examiner did not abuse his discretion in declining to hold a hearing on the desires of the driver-salesmen.

The order of the Board will be enforced.