NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

JACKSON FARMERS, INC. (Formerly
Farmers Union Co-Operative Business
Association), Respondent.

No. 43-70.

United States Court of Appeals,
Tenth Circuit.

Sept. 30, 1970.

Janet Skaare Morris (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore, Atty., N.L.R.B.), for petitioner.

William G. Haynes, of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for respondent.

Before JONES*, BREITENSTEIN, and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this proceeding to enforce an order of the National Labor Relations Board, the respondent, Jackson Farmers, Inc., refused to bargain in order to test the validity of the certification of collective bargaining units. The Board found that the Company had violated § 8(a) (5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (5) and (1). See 178 NLRB No. 56.

In various Kansas small towns the Company operates grain elevators, gasoline service stations, and a feed mill. The American Federation of Grain Millers, AFL–CIO, petitioned for representation elections in two separate units of the Company's employees. These were (1) a unit of production and maintenance employees including truck drivers and service station workers, and (2) a unit of office clerical workers. After a hearing the Regional Director issued a decision and directed an election in each unit. The Company's petition for review of the Director's action was summarily denied by the Board. The production and maintenance employees voted in favor of the Union. The outcome of the election held for the clerical employees depended on one challenged ballot, that of Imogene Kinast, the wife of a supervisor. The Director sustained the challenge with the result that this election also went for the Union. The Board summarily rejected the Company's petition for review of the Director's decision on the challenged ballot.

The Company refused to recognize the Union and to bargain with it. Subsequently, unfair labor practice charges were brought. The Company defended on the grounds of invalidity of the certification of the production and maintenance unit, the timing of the election so as to prevent voting by seasonal employees, and the ruling on the challenged ballot. The Board sustained the General Counsel's motion for a summary judgment.

■ The Company argues that it is entitled to a plenary review by the Board of the correctness of the Director's representation determinations before the Board can entertain an unfair labor practice charge based on those determinations. The Board says that the contention was not presented to it and accordingly cannot be considered by the reviewing court. The Company urged before the Board that it was entitled to a new hearing on the representation is-

* Of the Fifth Circuit, sitting by designation.

sues. We need not consider whether the request for a hearing was sufficient to preserve the point because we recently decided in Meyer Dairy, Inc. v. National Labor Relations Board, 10 Cir., 429 F.2d 697, that the limited review provided by 29 CFR § 102.67 applies to Board review of any delegated action of a regional director. In so holding we rejected Pepsi-Cola Buffalo Bottling Company v. National Labor Relations Board, 2 Cir., 409 F.2d 676, and followed the rule announced in National Labor Relations Board v. Magnesium Casting Company, 1 Cir., 427 F.2d 114. See also National Labor Relations Board v. Gold Spot Dairy, Inc., 10 Cir., 432 F.2d 125. The Company does not assert that it has any newly discovered or previously unavailable evidence or that it was prevented from presenting any substantial and material evidence at the representation proceedings. In our opinion the Board summary judgment disposition was proper.

■ The Board has a wide discretion in determining an appropriate bargaining unit and its decision will be set aside only upon a showing that it is capricious or arbitrary. See § 9(b) of the Act; National Labor Relations Board v. Dewey Portland Cement Company, 10 Cir., 336 F.2d 117, 119; and National Labor Relations Board v. Groendyke Transport, Inc., 10 Cir., 372 F.2d 137, 140. The representation decisions of a regional director, if not set aside by the Board, are entitled to the same weight as a Board decision. Meyer Dairy, Inc. v. National Labor Relations Board, supra, and National Labor Relations Board v. Magnesium Casting Company, supra.

■ The Company objects to the inclusion within the production and maintenance unit of service station attendants and a bulk-tank driver because they engage in separate and distinct activities and have no common interest with the others in the unit. The Director found that there was some interchange of work, that all received the same fringe benefits, that there was common supervision, and that there was frequent contact among employees. He concluded that the community of interest was sufficient to warrant inclusion within the unit. On the record presented the unit determination was not arbitrary or capricious and must be sustained. See Mountain States Telephone and Telegraph Company v. National Labor Relations Board, 10 Cir., 310 F.2d 478, 479–480.

■ Because of the seasonal nature of its operation the Company contends that the Director erred in not deferring the election until the spring when additional workers would be employed. The test of eligibility of seasonal employees to participate in a representation election is "whether an employee is sufficiently concerned with the terms and conditions of employment in a unit to warrant his participation in the selection of a bargaining agent." National Labor Relations Board v. George Groh and Sons, 10 Cir., 329 F.2d 265, 268. The Director held that community of interest of seasonal employees depends on reasonable prospect of re-employment from year to year. The Company does not challenge this ruling. Applying this test, the Director found that the seasonal employees at the Mayetta location had a reasonable expectancy of re-employment and permitted them to vote. The Company now urges that seasonal employees at its Holton location should have been permitted to vote. We find nothing in the record relating to the rehiring of Holton seasonal employees. In our opinion the Director did not act arbitrarily or capriciously in declining to defer the election.

The outcome of the election in the clerical worker's unit depended on the challenge to the ballot cast by Imogene Kinast, the wife of the Company's general manager. The Director found that the work hours of Mrs. Kinast were "clearly tailored to her personal and family needs" and that she "enjoys a special privileged status as an employee of the Employer because of her marital relationship to the Employer's general

manager." The challenge to her ballot was sustained.

 The record justifies the finding of special status. Although one who is the wife of the general manager is not within the § 2(3) exclusion from the definition of "employee" of "any individual employed by a parent or spouse," we are of the opinion that in the exercise of its discretion under § 9 the Board may exclude from a bargaining unit an employee who is related to a member of management, but not an owner, and who is granted special privileges. Uyeda v. Brooks, 6 Cir., 365 F.2d 326, 329. In the circumstances presented the rejection of Mrs. Kinast's ballot was not arbitrary or capricious.

The order will be enforced.