NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CHAMPA LINEN SERVICE CO.,
Respondent.

No. 177-70.

United States Court of Appeals,
Tenth Circuit.

Feb. 8, 1971.

Stanley R. Zirkin, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Abigail Cooley Baskir, Atty., N.L.R.B., on the brief) for petitioner.

John K. Pickens, Alexandria, Va., for respondent.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

By this proceeding, the National Labor Relations Board seeks enforcement of its order issued against respondent, Champa Linen Service Company, pursuant to the provisions of the National Labor Relations Act.[1] In its order the Board found that Champa had violated Section 8(a) (5) and (1) by refusing to bargain with the unit which had been certified to represent Champa's employees, and by unilaterally changing working conditions. The Board further found that Champa violated Section 8(a) (1) by interrogating, threatening and making abusive statements to its em-

ployees concerning their union activities, and by engaging in surveillance of those activities. Finally, the Board found that Champa violated Section 8(a) (3) and (1) of the Act by discriminatorily transferring employees Demeter and Martinez, and by subsequently discharging Demeter. The Board's order requires Champa to cease and desist from engaging in the violations and affirmatively to reinstate employees Demeter and Martinez after making them whole for any loss of wages.

The critical question posed in these enforcement proceedings is whether the unit determination made by the Board was correct and hence whether the Board properly certified the union as bargaining representative for Champa's employees.

Champa is engaged in a linen rental and supply service in Denver, Colorado. On February 8, 1968, the union filed a representation petition and sought a representation election among Champa's employees. A hearing was held to determine what grouping of Champa's employees makes up an appropriate bargaining unit. Champa was represented at the hearing and presented evidence aimed at showing that an appropriate bargaining unit would consist of laundry production and maintenance employees, including an auto mechanic, three telephone order clerks, and twelve route drivers. Following the hearing, the Regional Director determined that an appropriate bargaining unit consisted of the laundry production and maintenance employees, including the auto mechanic but excluding the twelve route drivers and the three order clerks.[2]

Champa requested review of the Regional Director's unit determination by the Board, but the Board denied the request on the grounds that it raised no

---

1. 29 U.S.C. § 151, et seq.

2. The Regional Director's Decision and Direction of Election defines the bargaining unit as: "All laundry production and maintenance employees employed by the Employer at its 2033 Champa Street, Denver, Colorado, location BUT EXCLUDING office clerical employees, route drivers, salesmen, and all guards, professional employees and supervisors as defined in the Act."

substantial issues warranting review. Accordingly, on April 23, 1968, a representation election was held and the employees within the designated bargaining unit voted to be represented by the union. Champa filed objections to the election, and on June 5, 1968, the Regional Director overruled the objections and certified the union as the collective bargaining agent for Champa's employees. Champa did not appeal this decision to the Board.

Thereafter, Champa steadfastly refused to bargain with the union and the union accordingly filed unfair labor practice charges asserting primarily Champa's refusal to bargain. At the resulting unfair labor practice hearing, Champa sought to have the formal papers in the representation proceedings, including the transcript of the representation hearing, made a part of the record. The trial examiner at the unfair labor practice hearing refused to allow the proceedings to range into issues concerning the appropriateness of the bargaining unit. On appeal, the Board upheld the trial examiner's refusal to allow a hearing on the appropriateness of the bargaining unit, and the Board further upheld the trial examiner's determination that Champa had committed the unfair labor practices indicated above.

In these proceedings, wherein the Board seeks enforcement of its order, Champa continues to assert that the Board's unit determination is incorrect, and further that the Board's order should not be enforced because Champa has never had a full hearing on the question of the appropriateness of the bargaining unit. Champa cites this Circuit's decision in N.L.R.B. v. Ideal Laundry and Dry Cleaning Co., 330 F.2d 712 (10th Cir. 1964), as authority for the proposition that Champa is entitled to a full hearing on the appropriateness of the bargaining unit in unfair labor practice proceedings. However, as we shall demonstrate, Ideal Laundry does not cut nearly so broad as respondent Champa argues.

In Ideal Laundry, a unit determination was made and an election held; subsequently six drivers who voted in the election were challenged on the basis that the drivers were not within the unit. The Regional Director thereupon conducted an investigation concerning the placement of the six challenged drivers, but the investigation was conducted without affording the respondent in those proceedings an opportunity to be heard. Upon those facts, this court concluded that the respondent in that case was not afforded a full hearing on the critical issue posed in the post-election proceedings and hence was entitled to be heard on the issue in the subsequent unfair labor practice proceedings.

Thus the holding in Ideal Laundry does not go so far as to state that even after a full hearing on issues concerning the appropriateness of a bargaining unit in representatiaon proceedings, a dissatisfied party may still fully relitigate the issues in unfair labor practice proceedings. On the contrary, this Circuit has steadfastly abided by the principle that when the Board resolves an issue after a fair hearing in Section 9 representation proceedings, it is not required to reconsider the same issue and evidence in the ensuing unfair labor practice proceedings under Section 10.[3] Hence, if respondent has been afforded a full hearing on the unit determination issue, the only question left for this court is whether the Board's unit determination was arbitrary and capricious.[4]

3. Meyer Dairy, Inc. v. N. L. R. B., 429 F.2d 697 (10th Cir. 1970); N. L. R. B. v. Gold Spot Dairy, Inc., 432 F.2d 125 (10th Cir. 1970); N. L. R. B. v. Jackson Farmers, Inc., 432 F.2d 1042 (10th Cir. 1970); N. L. R. B. v. Moran Oil Producing and Drilling Corporation, 432 F.2d 746 (10th Cir. 1970).

4. N. L. R. B. v. Gold Spot Dairy, Inc., 432 F.2d 125 (10th Cir. 1970); N. L. R. B. v. Jackson Farmers, Inc., 432 F.2d 1042 (10th Cir. 1970); N. L. R. B. v. Moran Oil Producing and Drilling Corporation, 432 F.2d 746 (10th Cir. 1970).

We have examined the record and find that respondent Champa was fully heard in the representation proceedings with regard to what grouping of employees constitutes an appropriate bargaining unit. Moreover, Champa in subsequent proceedings has not indicated that it has newly discovered or additional proof on the issue which would warrant a reconsideration of the issue by the Board. Our scrutiny of the record also reveals substantial evidence supporting the Board's unit determination, and we cannot say that the Board's unit determination was arbitrary or capricious. We likewise conclude from our review of the record that substantial evidence supports the Board's findings that Champa violated Sections 8(a) (1), 8(a) (3) and 8(a) (5) as heretofore set out.

Respondent Champa makes an additional argument that the Board's order should not be enforced because the administrative proceedings in some way violated the spirit and letter of the Administrative Procedure Act.[5] In sum, respondent argues that the Administrative Procedure Act required a full hearing at the unfair labor practice proceedings on the unit determination question. It is difficult to perceive the exact footing upon which respondent presents his argument, but it is manifest that the representation proceedings were exempt from the provisions of the Act,[6] and the unfair labor practice proceedings, though not exempt under the Act, were conducted in accordance with the provisions of the Act.[7] Pursuing this contention further, we have carefully examined the provisions of the Administrative Procedure Act and we fail to see how the letter or spirit of the Act is violated by the fact that the unit determination made in the exempt representation proceedings was not relitigated or tried *de*

*novo* in the unfair labor practice proceedings.

Respondent Champa's other assertions concerning the policies of the Board are without merit.

Enforcement will be granted.

---

5. 5 U.S.C. § 551, et seq.

6. 5 U.S.C. § 554(a) (6).

7. 5 U.S.C. §§ 554, 556, 557.