**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**WEK DRILLING CO., Inc., Respondent.**

No. 180–70.

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1971.

John H. Ferguson, Atty., N. L. R. B.
(Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and John I. Taylor, Jr., Atty., N. L. R. B., on the brief), for petitioner.

Joseph Connally, Odessa, Tex., for respondent.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

HILL, Circuit Judge.

This case reaches us by way of the National Labor Relations Board's petition for enforcement of its remedial order. The order was premised on the Board's finding that respondent WEK violated Section 8(a) (5) and (1) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., by refusing to bargain with the union certified by the Board as the bargaining representative for a unit of WEK's employees.

WEK is a New Mexico corporation engaged in drilling oil wells for oil producing companies. In 1967, Local 826, International Union of Operating Engineers, petitioned the Board for a representation election in a unit comprised of WEK's drilling crew employees. Subsequently, the union and WEK waived the representation hearing and executed a Stipulation For Certification Upon Consent Election. The Stipulation essentially provided for an election, the date and place of the election, and the composition of an appropriate bargaining unit. More important to our case, the Stipulation also contained an Attachment which established the voter eligibility formula to be used in the election.[1] The voter eligibility formula specified was substantially the same as the so-called Hondo formula enforced in N.L.R.B. v. Hondo Drilling Company, 428 F.2d 943 (5th Cir. 1970).

The Stipulation was approved by the Regional Director and thereafter an election was conducted pursuant to the parties' agreement. A majority of the voters chose the union, and WEK asserted the right to object to the election which it had reserved in the Stipulation. WEK contended, "This election should not have been conducted under the rules set out in Hondo Drilling Company, N. S.L., 164 NLRB 67, for the reason that this company does not meet the criteria for such rule." On this allegation, the Regional Director conducted a post-election investigation and requested WEK to provide evidence in support of their objection, including the names, addresses and positions of witnesses, plus a brief statement highlighting their testimony. WEK, rather than rounding out its bare objection with specifics as requested, merely advised that it did not intend to submit evidence. WEK did suggest that it had put into effect certain employment incentive programs designed to encourage employees to accept and retain regular and permanent employment with WEK; and on this basis alone WEK demanded a formal hearing to litigate the applicability of the Hondo formula to WEK's operations.

Upon concluding the post-election investigation, the Regional Director made a Report and Recommendation which disposed of WEK's objection to the election on the grounds that WEK failed to support its contention by furnishing relevant and material evidence on the point. WEK entered exceptions to the Regional Director's report and therein offered to prove by the testimony of its managing partner that WEK's operations were sufficiently different from those in Hondo Drilling Co., supra, as to

1. The Attachment to the Stipulation For Certification Upon Consent Election further provided:

COVENANT—The record in this case shall be governed by the appropriate provisions of the Board's Rules and Regulations and shall include this stipulation. Hearing and notice thereof, direction of election and the making of findings of fact and conclusions of law by the Board prior to the election are hereby expressly waived, provided however, that this stipulation for certification upon consent election is without waiver of or prejudice to the Employer's right to contest and litigate through objections to the election, Section 8(a) (5) procedures, or otherwise, the validity of or applicability of the particular voter eligibility rule followed by the Regional Director for the employees of this Employer in this election pursuant to Direction of the National Labor Relations Board in Hondo Drilling Co., N.S.L., 164 NLRB No. 67 and Carl B. King Drilling Co., 164 NLRB No. 63 [sic].

make the Hondo formula inapplicable to the instant case. Nevertheless, the Board adopted the Regional Director's findings and recommendations and certified the union as the bargaining representative for the designated unit.

Thereafter on March 28, 1968, the union requested WEK to commence collective bargaining. By letter dated October 4, 1968, WEK refused to bargain with the union. Accordingly, unfair labor practice charges were filed and a hearing was held. WEK, of course, could not deny the alleged refusal to bargain, but instead attempted to attack the validity of the election and certification by once more contending that the Hondo formula was an inappropriate means for determining voter eligibility in the election. In response, General Counsel moved for summary judgment on the unfair labor practice complaint contending that WEK was attempting to relitigate the issues disposed of in the representation proceedings. That motion for summary judgment finally prompted WEK to allege some specific facts in support of its contention that the Hondo formula should not have been used in the election.

The Board granted summary judgment against WEK on the unfair labor practice complaint. The basis for the Board's holding was that WEK's refusal to submit evidence in support of its objection to the election in the underlying representation proceedings foreclosed WEK from further litigating the issue in unfair labor practice proceedings. Alternatively, the Board ruled that WEK, having bargained with the union between March, 1968, and October, 1968, thereby recognized the union and waived its right to dispute the validity of the union certification.

The facts and chronology of events in this case have been set out at length because WEK is now contending in these enforcement proceedings that the Board has never provided a fair hearing on the question whether the Hondo formula was an appropriate means for determining voter eligibility in the election. We have carefully examined the record, however, and find that WEK was afforded the opportunity to adjudicate that question, and it was only through WEK's own failure to provide evidence raising a substantial issue that a hearing was not held on the applicability of the Hondo formula. Accordingly, WEK's contention lacks merit.

When WEK first raised the issue concerning the Hondo formula in its objection to the election, the burden of proof was on WEK to establish that indeed the election was tainted by the application of an improper eligibility formula.[2] To be entitled to a hearing on the issue raised, WEK had to do more than make a bald statement that the Hondo formula was inappropriate. WEK had to make a proffer of evidence which *prima facie* would warrant setting aside the election.[3] To meet this burden, a conclusory statement is not enough; there must be specific evidence of specific events from or about specific people which supports the allegation which in law is sufficient to overturn the election.[4] In this case, the record is plain that WEK did not proffer such evidence to support its contention that the Hondo formula was inapplicable.

When WEK in effect bypassed the opportunity for a full hearing in the representation case, it foreclosed itself from again raising the issue in unfair

2. N.L.R.B. v. Mattison Machine Works, 365 U.S. 123, 81 S.Ct. 434, 5 L.Ed.2d 455 (1961).

3. Amalgamated Clothing Workers of America v. N.L.R.B., 137 U.S.App.D.C. 330, 424 F.2d 818 (1970); N.L.R.B. v. Bata Shoe Company, 377 F.2d 821 (4th Cir. 1967).

4. N.L.R.B. v. Golden Age Beverage Company, 415 F.2d 26 (5th Cir. 1969); *see* N.L.R.B. v. Gold Spot Dairy, Inc., 432 F.2d 125 (10th Cir. 1970).

labor practice proceedings.[5] In many recent cases it has become well established that, absent newly discovered or previously unavailable evidence, the Board is not required to hold a hearing in unfair labor practice proceedings on issues disposed of or which could have been disposed of in the representation case.[6] When WEK finally did allege some specific facts in support of its contention that the Hondo formula was inapplicable, it did so very late in the unfair labor practice proceedings and in response to General Counsel's motion for summary judgment. Moreover, there was nothing accompanying those newly alleged facts indicating that the facts were newly discovered or previously unattainable. Thus, regardless of whether those new factual allegations finally framed a substantial issue, that proffer of evidence came far too late.[7] The Board did not abuse its discretion in denying a hearing in the unfair labor practice proceedings on an issue which could have been the subject of an adversary hearing in the representation proceedings had not respondent failed to bring forward its evidence at that time.

As an additional argument in this case, respondent invites this court to consider whether the Board can properly adopt the formula used in Hondo Drilling Co., supra, and promulgate that formula as the rule for voter eligibility in all cases involving drilling crews in the Permian Basin. Respondent regards the Board's use of the Hondo formula as agency rule making in a manner proscribed by the Administrative Procedure Act.[8] We have recently considered the exact contention which respondent here poses, and in N.L.R.B. v. Moran Oil Producing and Drilling Corporation, 432 F. 2d 746 (10th Cir. 1970), we stated that in announcing the Hondo formula, the Board was engaged in adjudication and not in rule making. With respect to the use of the formula in the case at bar, the facts do not disclose that the Board imposed the Hondo formula on the parties. On the contrary, WEK and the union agreed between themselves in the Stipulation to use the formula in the election, subject only to WEK's post-election right to contest its applicability. From these facts, it is impossible to discern any attempt on the part of the Board to engage in rule making and concomitantly to force WEK into abiding by a Board made rule.

In view of our disposition of the above issues, it is unnecessary to consider the Board's alternate theory—based on the law as expressed in King Radio Corporation v. N.L.R.B., 398 F.2d 14 (10th Cir. 1968)—that WEK waived any right to contest the validity of the union's certification by bargaining with the union between March, 1968, and October, 1968.

Enforcement of the order will be granted.

5. N.L.R.B. v. Thompson Transport Company, 406 F.2d 698 (10th Cir. 1969); accord, N.L.R.B. v. Lawrence Typographical Union No. 570, 376 F.2d 643 (10th Cir. 1967); N.L.R.B. v. Ideal Laundry and Dry Cleaning Co., 330 F.2d 712 (10th Cir. 1964).

6. E. g. N.L.R.B. v. Jackson Farmers, Inc., 432 F.2d 1042 (10th Cir. 1970);

State Farm Mutual Automobile Insurance Co. v. N.L.R.B., 411 F.2d 356 (7th Cir. 1969).

7. N.L.R.B. v. Gold Spot Dairy, Inc., 432 F.2d 125 (10th Cir. 1970).

8. 5 U.S.C. § 551 et seq.