**BOKUM RESOURCES CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 79–2140.

United States Court of Appeals,
Tenth Circuit.

Submitted May 11, 1981.

Decided July 29, 1981.

Wayne E. Bingham and Douglas G. Voegler of Pickering & Bingham, Albuquerque, N. M., for petitioner.

Richard B. Bader and Lynne E. Deitch, Attys. and William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., for respondent.

Before McWILLIAMS and LOGAN, Circuit Judges, and BOHANON, District Judge.*

McWILLIAMS, Circuit Judge.

Bokum Resources Corp. filed a petition to review, and set aside, a decision and order of the National Labor Relations Board which found that Bokum committed unfair labor practices in violation of section 8(a) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1976).[1] Specifically, the NLRB found that Bokum refused to bargain with the International Union of Operating Engineers, Local 953, AFL–CIO, and the Labor-

---

* Honorable Luther L. Bohanon, United States District Judge of the Northern District of Oklahoma, sitting by designation.

1. Bokum is charged with violating 29 U.S.C. § 158(a)(1) (1976), which provides that it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise" of the rights granted by 29 U.S.C. § 157 (1976). Bokum also is charged with violating 29 U.S.C. § 158(a)(5) (1976), which provides that it is an unfair labor practice "to refuse to bargain collectively" with the employees' representative.

ers International Union of North America, Local 16, AFL–CIO, which had been certified by the Board as the employees' bargaining representatives following a representation election. By cross-application the Board seeks enforcement of its order.

Bokum is a mining company incorporated in Delaware and engaged in uranium mining in New Mexico. The bargaining unit here involved is composed of all construction and shaft sinking employees working at Bokum's mine at Marquez, New Mexico, excluding office clerical employees, guards, watchmen and supervisors.

In a consent election in which thirty-four employees were eligible to vote, seventeen voted for the Union and ten voted against the Union. . Four votes were challenged, and three eligible employees did not vote. Bokum filed timely objections, claiming that there was Union misconduct which adversely affected the election. Thereafter, the Regional Director of the NLRB conducted an administrative investigation of Bokum's objections in which the parties were allowed to submit evidence. The Regional Director then issued his report, in which he held that Bokum's objections were without merit, and he recommended that the Union be certified. Bokum filed timely objections to the Regional Director's report. On review, the Board adopted the Director's report and certified the Union.

Thereafter, Bokum refused to bargain with the Union, which then filed charges of unfair labor practices. Based on the Union's charges, the Regional Director issued a complaint. By answer, Bokum admitted that it had refused to bargain with the Union, and again denied the validity of the Board's certification of the Union. It was in this setting that the General Counsel for the NLRB filed motions to transfer the case to the Board and for summary judgment. The Board ordered the proceeding transferred, and then ordered Bokum to show cause why summary judgment should not be entered. Bokum, by response, reiterated its previously stated objections to the representation election and requested an evidentiary hearing.

The Board granted summary judgment, noting that all of the issues raised by Bokum in the unfair labor practices proceeding had been raised, or could have been raised, in the underlying representation proceeding. The NLRB further found that Bokum, in response to the motion for summary judgment, made no claim that it had newly discovered or previously unavailable evidence, nor did it allege any special circumstances which required a hearing into the fairness of the representation election. Accordingly, Bokum was ordered by the Board to bargain with the Union. The Board's decision and order appear at 245 N.L.R.B. 84 (1979). It is this order which Bokum seeks to have set aside, and which the Board by cross-application asks to have enforced.

◼ In our view, Bokum, under the circumstances, was not entitled to an evidentiary hearing on its claim of election irregularities, and the unfair labor practice proceeding was ripe for summary judgment. In *NLRB v. Moran Oil Producing & Drilling Corp.*, 432 F.2d 746 (10th Cir. 1970), *cert. denied*, 401 U.S. 941, 91 S.Ct. 941, 28 L.Ed.2d 221 (1976), appears the following pertinent comment:

The Company argues that summary disposition was improper because, in the unfair labor practice proceedings, it was entitled to an evidentiary hearing on the correctness of the Director's representation determinations. The same contention has been presented to us in the cases of *Meyer Dairy, Inc. v. National Labor Relations Board*, 10 Cir., 429 F.2d 697, *National Labor Relations Board v. Gold Spot Dairy, Inc.*, 10 Cir., 432 F.2d 125, and *National Labor Relations Board v. Jackson Farmers, Inc.*, 10 Cir., 432 F.2d 1042 [*cert. denied*, 401 U.S. 955, 91 S.Ct. 974, 28 L.Ed.2d 238 (1971)]. We have held that under § 3(b) the Board can delegate its unit determination functions to the regional director; that the decisions of the latter, if not set aside by the Board, are entitled to the same weight as Board determination; and that the limited review provided by 29 CFR § 102.67 applied

to Board review of any delegated action of a regional director. The Company does not claim that it has any newly discovered or previously unavailable evidence or that it was foreclosed from presenting any substantial and material evidence at the representation proceedings. Under the authorities cited, the matter was ripe for determination on the motion for summary judgment. 432 F.2d at 748.

*See also NLRB v. Ethan Allen, Inc.*, 596 F.2d 936 (10th Cir. 1979), and *NLRB v. Whitney Museum of American Art*, 636 F.2d 19 (2d Cir. 1980).

■ Bokum asserts that an election notice which was posted at the Marquez mining operation was faulty. While the notice to which Bokum objects did *not* contain any incorrect information, it failed to state the polling times and place, and the unions involved. The Company contends that the posting of this incomplete notice caused the entire purpose of the election to be frustrated. It is important to note, however, that a notice that *did* contain all the correct information was posted about twelve hours prior to the election. The notice at issue is a printed form which is distributed by the NLRB. In addition to details about the election, the form includes general information about employees' voting rights, including a statement of conduct which is not permitted during a representation campaign.

■ Further, Bokum made no showing that the election notice about which it complains was posted by the Union or its representatives. Upon the record presented here, one could conclude equally well that the incomplete notice was posted by Bokum's own representatives. As the Board correctly held, conduct not attributable to the opposing party cannot be a basis for setting aside an election. *Bush Hog, Inc. v. NLRB*, 420 F.2d 1266, 1269 (5th Cir. 1969). *See also NLRB v. Sauk Valley Manufacturing Co., Inc.*, 486 F.2d 1127, 1131 (9th Cir. 1973).

■ Bokum also complains that the election should be set aside because campaign literature distributed by the union was misleading. Bokum does not, however, point to any false information. Rather, the Company states that certain important facts were omitted. The NLRB has applied a liberal rule toward such "campaign propaganda," finding that it has to be seriously misleading to justify setting aside an election. Even if there were a rule requiring complete truthfulness, the campaign literature at issue would meet the standard, since the employer only alleges a "failure to disclose." Affirmative disclosure has never been required. *See Florida Mining & Materials Corp. v. NLRB*, 481 F.2d 65, 68 (5th Cir.), *rehearing denied*, 485 F.2d 687 (5th Cir. 1973), *cert. denied*, 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974).

■ Finally, Bokum asserts the election should be set aside on the ground that the Union violated the rule of *NLRB v. Savair Manufacturing Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), by offering discounted Union memberships to employees supporting the Union. The situation here, however, is clearly distinguishable from that in *Savair.* In the latter case, the employees were offered waived initiation fees in exchange for signing "recognition slips" indicating Union support. The waiver of fees was available *only* to those employees signing the slips prior to the election. In contrast, the Board found here that the reduction in fees was available to employees whether they indicated support for or sought to join the Union *before or after* the election. The situation, therefore, resembles that in *NLRB v. Whitney Museum of American Art*, 636 F.2d 19 (2d Cir. 1980), in which the Court of Appeals held that a similar fee waiver was not a ground for setting aside an election.

The petition to set aside the Board's order is denied, and the order of the Board shall be enforced.