MAK–ALL MANUFACTURING, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 284, Docket 27930.

United States Court of Appeals Second Circuit.

Argued Feb. 10, 1964.

Decided May 1, 1964.

Lebenkoff & Coven, New York City (Abraham Lebenkoff, Jules E. Coven, New York City, of counsel), for petitioner.

Arnold Ordman, Gen. Counsel; Dominick L. Manoli, Associate Gen. Counsel; Marcel Mallet-Prevost, Asst. Gen. Counsel; Elliott Moore, Atty., N. L. R. B., for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

This is a petition to review and set aside an order of the National Labor Relations Board, to which the Board has responded with a cross-petition seeking enforcement. Issued on August 13, 1962, the order was based upon the Board's determination that petitioner had violated Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. The decision and order of the Board, adopting the findings, conclusions, and recommendations of the Trial Examiner, are reported at 138 N.L.R.B. 95. As the Board's findings were amply supported

by the record as a whole, we deny the petition to set aside the order and grant the cross-petition to enforce it.

■ The determination that Section 8(a) (3) had been violated was based upon findings that petitioner, during a union effort to organize its plant, had discharged two employees for union activity. Petitioner claimed that it had discharged the two employees because of adverse economic conditions, but petitioner's foreman stated during the hearing that he had selected one of these two employees for discharge because he had the least seniority among the workers and because the foreman knew that he "was one of the boys that came in with the Union organizers"; and then admitted that petitioner did not ordinarily lay off its employees on a seniority basis. The Board's finding that the other employee had been discharged because of union activity was based upon his testimony that the official who had discharged him had told him that the action had been taken because he had been reported as one who had passed out union cards. Though this testimony was disputed by the official and also by another of petitioner's witnesses, these differing stories only raised an issue of credibility, an issue for the Trial Examiner and the Board to resolve. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). These findings of Section 8(a) (3) violations amply supported the determination that Section 8(a) (1) had been violated, but, in addition, the evidence showed that petitioner in order to keep its employees away from the union's representatives had reversed its policy of permitting employees to take their coffee breaks outside its plant; and that petitioner's management-employees had interrogated workers as to their union interest and membership and had threatened, in the event of slack work, that union members would not be transferred to other employment.

■ Petitioner claims that the Trial Examiner erred by refusing to permit it to call as a witness the Board agent who had investigated the case. There is no indication that the investigation was itself in any way relevant, and petitioner gave no indication of what it hoped to prove by the witness. It appears that the only testimony which would have been elicited from the agent would have been cumulative evidence dealing with what he had been told by witnesses who did testify. Under the circumstances the Trial Examiner's ruling was entirely correct.

The petition to review and set aside is denied; the Board's petition to enforce its order is granted.