**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TONKAWA REFINING COMPANY, Respondent.**

No. 111-70.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1970.

Lynn D. Poole, Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Leonard M. Wagman, Washington, D. C., on the brief) for petitioner.

John Cosmic, Amarillo, Tex., for respondent.

Before LEWIS, Chief Judge, PHILLIPS and JOHNSEN,* Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its remedial order premised on a finding that respondent violated section 8(a) (1) of the National Labor Relations Act by announcing and granting wage increases in order to induce employees to reject the designation of a union as a bargaining agent in a pending representation election. The Board Decision and Order is found at 175 NLRB No. 102. From our review of the record we conclude that substantial evidence supports the Board finding and hold that its remedial order is not abusively broad.

Enforcement will be granted.

* Of the Eighth Circuit, sitting by designation.

---

**UNITED STATES of America, Appellee,**

v.

**Philip G. STRIANO, Appellant.**

No. 341, Docket 35076.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 1970.

Decided Dec. 11, 1970.

David V. Keegan, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, and John W. Nields, Jr., Asst. U. S. Atty., on the brief), for appellee.

Henry B. Rothblatt, New York City, for appellant.

Before LUMBARD, Chief Judge, FEINBERG, Circuit Judge, CLARIE, District Judge.*

PER CURIAM:

We affirm, in open court, Philip G. Striano's conviction for violation of the counterfeiting laws, 18 U.S.C. § 472, as the defense of entrapment presented only a question of fact which was decided by the jury in accordance with a concededly correct charge by the district judge.

The members of the panel have examined the reports of the Secret Service, which were marked Court's Exhibit A, and find that there was no error in the trial judge's refusal to permit defense counsel to inspect these reports.

* Sitting by designation.