NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTALCO ALUMINUM CORPORATION,
Respondent.

INTALCO ALUMINUM CORPORATION,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 26709, 26787.

United States Court of Appeals,
Ninth Circuit.

July 23, 1971.

Allen Howard Feldman (argued), Charles M. Henderson, Director, NLRB, Seattle, Wash., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Marion Griffin, Washington, D. C., for N.L.R.B.

Roy E. Potts (argued), George P. Parker, Jr., of Kindel & Anderson, Los Angeles, Cal., for Intalco Aluminum Corp.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

This is an application for enforcement of an order of the National Labor Relations Board (Board), 182 NLRB 57. The Board found that Intalco Aluminum Corporation (Respondent) violated section 8(a) (1) of the National Labor Relations Act (28 U.S.C. § 158(a) (1)) by wrongfully discharging 26 employees and suspending one employee, and by refusing to reinstate 15 striking employees upon their application for work at the conclusion of the strike. Respondent cross-petitions to review and set aside the Board's order.

The facts surrounding the commission of the named unfair labor practices by respondent may be summarized briefly: On February 21, 1968, the Board made an order that respondent violated section 8(a) (1) and (2) by extending recognition to and executing a collective bar-

gaining agreement with the International Association of Machinists and Aerospace Workers (AFL–CIO) (Machinists) when it was a minority union, and further ordered that respondent cease giving effect to such agreement. The Board petitioned this court for enforcement of said order.

In March, 1969, while the proceeding in this court was pending, the Board ordered a representation election. Along with the Machinists, Aluminum Workers International Union (AFL–CIO) (Aluminum Workers) and Bellingham Metal Trades Council, Allied Industries Division (Metal Trades Council) were competing to represent the employees. The election, held March 26 and 27, 1969, resulted in the Metal Trades Council receiving the majority of votes; but at the instance of the Aluminum Workers who alleged improper preelection tactics on the part of the Machinists and respondent, the election was set aside. A new election was ordered.[1] During the intervening period between the original Board order declaring the contract between respondent and Machinists void and the election held on March 26 and 27, 1969, respondent nonetheless continued to recognize the Machinists. While the Aluminum Workers' objections to the election were filed but not yet acted upon by the Board, the strike occurred which resulted in the ultimate discharge of the employees here in question.[2]

The trial examiner found that respondent discharged 26 of 28 employees in violation of section 8(a) (1) of the Act and further violated that section in refusing to reinstate 15 of the striking employees who later reapplied for work. Respondent's main defense raised in the proceeding before the trial examiner, and principal contention herein, is that the strike was illegal and that therefore it was an unprotected activity. The asserted illegality is based upon two contentions: (1) That the purpose of the strike was to force respondent's recognition of the Machinists in the forthcoming election; (2) that the strike was in clear violation of the no-strike and grievance provisions of the respondent's contract with the Machinists. The trial examiner found that the animus behind the strike was a protest of longstanding employees' grievances. This was reached largely upon crediting the testimony of one employee. With respect to the contract provisions, he further found that respondent's contract with the Machinists did not govern the rights of the employees since that agreement had been specifically declared to be of no effect by the Board previous to the strike.

■ Our review is narrowly circumscribed, for the findings of the trial examiner, adopted by the Board, must be affirmed when there is substantial evidence on the record considered as a whole to support these findings. Universal Camera Corporation v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). As is the usual case in a question such as this, the respondent directs the court's attention to conflicting evidence in the record concerning the employees' motivation in striking. After examining the testimony before the trial examiner, we are firmly convinced that there is ample and adequate evidence to support the finding that the strike was initiated in an effort to protest employee grievances and not in an attempt to compel recognition of the Machinists and that it was a protected activity. With respect to the second contention in support of the illegality of the strike, we agree with the trial examiner that this must be rejected in light of the Board's decision setting aside the respondent's

1. The new election was granted at the request of the Aluminum Workers and Metal Trades Council pursuant to the Board's ruling in Carlson Furniture Industries, Inc., 157 NLRB 851.

2. On September 19, 1969, we granted enforcement of the Board's order in Intalco Aluminum Corp. v. N.L.R.B., 417 F.2d 36 (9th Cir. 1969).

contract with the Machinists prior to the strike.[3]

We see no merit to the other contentions raised by respondent. Accordingly, the order will be enforced.