NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

ETHAN ALLEN, INC., Respondent.

No. 77–1813.

United States Court of Appeals,
Tenth Circuit.

Argued Oct. 23, 1978.

Decided April 2, 1979.

Rehearing Denied May 30, 1979.

Lawrence E. Blatnik, Washington, D. C. (Michael S. Winer, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief), for petitioner.

Richard L. Barnes, Tulsa, Okl. (Kothe, Nichols & Wolfe, Inc., Tulsa, Okl. on brief), for respondent.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

The National Labor Relations Board seeks enforcement of its order that Ethan Allen, Inc., recognize and bargain with the United Furniture Workers of America, AFL–CIO, the duly certified representative of all production and maintenance employees in Ethan Allen's plant in Atoka, Oklahoma. Ethan Allen bases its refusal to bargain with the Union on the ground that the Union was improperly certified as the bargaining representative, contending that the election at which the Union won a majority of votes was tainted by pro-union campaigning on the part of a plant superintendent and a department foreman.

An election by secret ballot was conducted on the plant premises pursuant to a Stipulation for Certification Upon Consent Election entered into by the Union and Ethan Allen. The vote was 33 in favor of the Union, and 32 against the Union. Ethan Allen filed an objection to conduct af-

fecting the results of the election. Specifically, Ethan Allen alleged that Union representatives had communicated false, misleading and defamatory statements to the Company's employees which altered the laboratory conditions required for a valid election result. Ethan Allen later filed an amended objection which alleged that, in addition, the Plant Superintendent, one Frank Clerch, had campaigned on behalf of the Union.

By subsequent letter of May 14, 1976, counsel for Ethan Allen advised the Regional Director of the NLRB that Frank Clerch had told numerous employees of the Company that they would be discharged if they did not vote for the Union, and identified by name five employees who "were available for interview with regard to these allegations."

In this same letter Ethan Allen attempted to expand upon its objections as previously filed by stating that one Ed Lee, a foreman in the Mill Department, "likewise actively supported the Union and created a fear of retaliation among those in his department in order to coerce them to support the Union." In this regard, one Curtis Brinkley was identified as having knowledge concerning this particular matter.

The Regional Director thereafter conducted an investigation and filed a report on the objections made by Ethan Allen to the election results. In effect, the Regional Director, after reciting the results of his investigation and after making certain findings and conclusions, overruled the Company's objections, and recommended that the Union be certified.

Ethan Allen filed exceptions to the Director's report. Specifically, the Company excepted to the Director's report as follows: (1) the finding that the pro-union expressions of the plant superintendent and a plant foreman were not grounds for overturning the election because the Company had previously made clear its opposition to the Union; (2) the finding that any fear by the employees of retaliation was dissipated by the fact that prior to the election the Company had publicly announced that the plant superintendent was soon to leave the

Atoka plant, and that shortly after the election the superintendent did, in fact, resign; (3) the conclusion that the election was not tainted by the pro-union conduct of the plant supervisor. The brief in support of the Company's exceptions to the Director's report concerned the plant superintendent only, and no mention was made therein relating to Ed Lee, the foreman in the Mill Department. The NLRB thereafter, by appropriate order, adopted the Director's findings and recommendations and certified the Union as the exclusive representative for the stipulated appropriate unit for the purposes of collective bargaining.

Shortly after the entry of the order of the Board certifying the Union as the bargaining agent, the Union had requested that Ethan Allen bargain collectively. The Company refused. The Union then filed an unfair labor practice charge. General Counsel then issued a complaint pursuant to the Union's charge, alleging that the Company had violated Sections 8(a)(1) and (5) of the Act by refusing to bargain with the Union. Ethan Allen filed an answer admitting that it had refused to bargain with the Union and denying that the Union was the duly certified bargaining agent for its employees.

General Counsel later requested that the case be transferred to the Board and that summary judgment be entered in its favor. The Board did so transfer the case and ordered a response to the motion for summary judgment. Such response was filed. The Board thereafter issued a decision and order which granted summary judgment in favor of the Board. That decision and order is reported at 231 NLRB No. 24. By that order Ethan Allen was directed, *inter alia,* to bargain with the Union. NLRB now seeks in this Court an order enforcing the Board's order to bargain.

██ Ethan Allen does not urge in this Court that the false and misleading statements allegedly made by Union representatives shortly prior to the election are grounds for setting aside the election results. The Regional Director recommended in his report that this particular objection be overruled, and Ethan Allen took no ex-

ception to such recommendation. Accordingly, that matter has been abandoned, and, as stated, Ethan Allen does not rely on it here.

■ Additionally, under the circumstances, we do not regard the allegedly coercive conduct of Ed Lee, a foreman in the Mill Department, as being ground for setting aside the election results. In the first place, 29 C.F.R. § 102.69(a) requires that any objections to conduct affecting the results of an election shall be made within five days after the tally of ballots has been furnished the parties by the Regional Director. Our examination of the record before us fails to disclose that Ethan Allen made any formal objection to the election based on Ed Lee's alleged misconduct. Ethan Allen's initial objection, which was timely made, was based on false statements made by Union representatives. Thereafter, Ethan Allen filed an amended objection, which the Director held to be timely filed, which added an objection based on alleged misconduct by the plant superintendent, who was claimed to have "solicited votes on behalf of the petitioner Union." No mention was made in the amended objection to Ed Lee, by name, or by any reference to a foreman in the Mill Department. It was only some time later, considerably beyond the five-day period within which objections were required to be made, in a letter to the Director in connection with alleged misconduct by Union representatives and the plant superintendent, that mention was first made of Ed Lee. In the context of proper administrative procedures, Ethan Allen has never made an objection to Ed Lee's conduct in the form contemplated by 29 C.F.R. § 102.69(a).

We recognize, however, that notwithstanding the fact that no objection, and most certainly no timely objection, was made by Ethan Allen concerning the conduct of Ed Lee, the Regional Director did nonetheless make some reference in his report to Ed Lee. However, there was no finding, as such, that Lee was guilty of pro-union conduct. Later, in its exceptions to the Regional Director's report, Ethan Allen did except to the conclusion that the top production supervisor, whom we take to

mean Clerch, was not guilty of pro-union conduct. No comparable exception was taken concerning Ed Lee, though reference to Ed Lee, in a different context, was made in the first two of the three exceptions made by Ethan Allen. Significantly, in its brief in support of its exceptions, reference is made only to Clerch, and no mention is made of Ed Lee. Under these circumstances, we deem any objection to the election based on Lee's alleged misconduct to have been waived, and, as did Ethan Allen in its brief filed with the Board, we shall confine ourselves to Clerch and his alleged misconduct.

As indicated, in the amended objections, Ethan Allen urged, as an additional ground for setting aside the election results, misconduct by the plant superintendent, who was claimed to have "solicited votes" and "otherwise aided" the Union. In the follow-up letter referred to above, Ethan Allen stated that the plant superintendent, one Frank Clerch, "told numerous employees that they would be discharged if they did not support and vote for the Union." Five persons were then identified by name as being "witnesses available for interview with regard to these allegations."

■ As provided for in 29 C.F.R. §§ 102.-69(c) and (d), the Regional Director investigated the objections made by Ethan Allen, and his report failed to disclosed any person who had been threatened with discharge by Clerch if they did not vote for the Union. The report did disclose that Ethan Allen had presented one witness who stated that he had been told by three other workers that Clerch had urged them to vote for the Union, with the argument that if he, a supervisor, could be fired, then it would follow that Ethan Allen could fire any employee if the Union did not win the election. After appropriate investigation, the Regional Director reported that two of the three workers who supposedly had participated in such a conversation with Clerch denied that there was any such conversation. The third worker apparently declined to be interviewed. The Director's report also showed that Clerch had given a sworn statement in which he denied ever urging any employee to vote for the Union.

As indicated, Ethan Allen did file an exception to that portion of the Director's report which found, in effect, that Clerch had not engaged in pro-union conduct. However, such was couched in very general terms and did not raise any real issue of fact. Under such circumstances we hold that the NLRB did not err in adopting the report of its Director, and that it was not required to hold an adversary evidentiary proceeding prior to adopting that report. Such hearing is not required by 29 C.F.R. § 102.69(f) unless the exceptions to the report raised serious and substantial issues, and none was presented by Ethan Allen's exceptions in the instant case. *N.L.R.B. v. Gold Spot Dairy, Inc.*, 432 F.2d 125 (10th Cir. 1970).

The summary judgment entered in favor of the Board and against Ethan Allen in the unfair labor practice proceeding was, under the circumstances, fully justified. By its answer in the unfair labor practice proceeding, Ethan Allen alleged no newly discovered evidence which would raise a substantial fact issue. See again, *N.L.R.B. v. Gold Spot Dairy, Inc.*, 432 F.2d 125 (10th Cir. 1970). On the record, summary judgment in favor of the Board was proper.

The Order of the Board will be enforced.